**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                        Criminal No. 03-cr-029-01-JD

<u>Ronald Wilson</u>

**O R D E R**

On May 24, 2012, the defendant appeared for an initial appearance on a supervised release violation issued on the same date. The defendant stipulated to "probable cause" and requested a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6).

Under Rule 32.1(a)(6), the defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. Based on the content of the supervised release violation as well as the proffers presented at the hearing, and for the reasons stated on the record, the court finds the defendant has failed to meet this burden and that there are no conditions that are likely to assure the safety of the community.

In short, the violation alleged that on May 20, 2012, the defendant struck his girlfriend, Misty Campbell, in the facial area with an open hand on three (3) separate occasions during a confrontation, for which he was charged in state court with three (3) counts of Simple Assault-Domestic. The Nashua Police

investigation, as well as the Notice of Violation, essentially provide the following account of the incident: Ms. Campbell confronted the defendant regarding a cell phone photograph during the evening of May 20, 2012; a physical altercation followed, with the defendant hitting Ms. Campbell with his open hand three (3) times, knocking her to the floor twice and once knocking her into the bathtub; Ms. Campbell did not report the incident until May 22, 2012, claiming she delayed reporting to protect the defendant from further incarceration and only came forward after a friend and family members encouraged her to do so; and the Nashua Police report notes that Ms. Campbell "had visable injuries to her facial area" and had "red marks and bruising on both sides of her face."

At the detention hearing, the defendant, through counsel, provided the following account by proffer: Ms. Campbell assaulted the defendant while he was sleeping in his bed on the evening of May 20, 2012; he acted in self-defense; the sole physical resistance he provided in response was "grabbing her hair and holding her tight"; Ms. Campbell slept with the defendant for two (2) nights after the alleged incident; Ms. Campbell claimed that she did not report the incident based on her fear of retaliation; Ms. Campbell's asserted reason for not reporting the incident is not credible given the fact she

continued to reside with the defendant; Ms. Campbell was drunk on the evening of the incident and her account should be discredited; and the defendant is the actual victim of domestic violence.

The photographic evidence in this case, however, conclusively belie the defendant's version of the incident.  The photographs depict significant bruising on the left side of Ms. Campbell's face as well as lacerations on the right side of her face.  The photographs cannot be reconciled with the defendant's characterization that his sole physical resistence was "grabbing her hair and holding her tight."  To the contrary, the photographs are consistent with both (a) Ms. Campbell's account that she was hit three (3) times with an open hand with enough force to knock her to the ground, and (b) the observation of her injuries as described in the Nashua Police report three (3) days after the incident. Additionally, the defendant's present account is contrary to the account he provided to USPO Gildea, in which the defendant said he "grabbed her face and hair with both hands and threw her to the floor" and "[h]e then grabbed her face and hair for a second time and pushed her into the bathtub."  The defendant's irrefutable minimization of the physical force he used during the incident is so significant that it undercuts the credibility of the entirety of his testimony.  When you combine

this incredible denial with his significant criminal history (which includes a 5-15 year state court sentence for First and Second Degree Assault and a 115 month sentence in this court for Armed Robbery and Possession of a Firearm by a Prohibited Person), and the fact that he has been incarcerated for much of the time from 1994 to present and had only been on supervised release for just over five (5) months before allegedly committing the instant violent act, the court simply cannot find that the defendant has met his burden to establish by clear and convincing evidence that he will not pose a danger to others or the community.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a).[1]

Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.  The final revocation hearing will be scheduled before Judge DiClerico by separate hearing notice.

---

[1] The court also notes that the defendant was factually incorrect when he argued that Ms. Campbell declined to immediately report the incident due to her fear the defendant would retaliate against her.  In fact, she told the Nashua Police and USPO Gildea that she declined to immediately report the incident because she wanted to protect the defendant from further incarceration.  Finally, the fact that Ms. Campbell continued to reside with the defendant for two (2) days after the incident carries little weight in the court's analysis; while it is very common for victims of domestic abuse to continue having a relationship with the perpetrator, that fact does not answer the question of whether the defendant poses a danger to the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: May 24, 2012

cc:   Counsel of Record
      U.S. Marshal
      U.S. Probation